UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

MICHAEL TODD BUSH, JR.,

    Petitioner,

v.                                            CIVIL ACTION NO. 5:25-cv-00423

W. HOLZAPFEL,

    Respondent.

## ORDER

Pending are Petitioner Michael Todd Bush's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [ECF 1] and Application to Proceed Without Prepayment of Fees or Costs [ECF 2], filed July 1, 2025, and his Motion for Summary Judgment [ECF 8], filed August 6, 2025.

This action was previously referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Tinsley filed his PF&R on October 17, 2025. Magistrate Judge Tinsley recommended the Court deny, without prejudice, the aforementioned filings, transfer this matter to the United States District Court for the Northern District of Ohio for further consideration in Case No. 3:23-cr-00571-JZ-1, and dismiss this civil action from this Court's docket. [ECF 9].

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis

added)). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (Parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections in this case were due on November 3, 2025. No objections were filed.

Pursuant to 28 U.S.C. § 1406(a), "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." In the absence of objection, transfer is preferred to dismissal.

Accordingly, the Court **ADOPTS** the PF&R [**ECF 9**], **DENIES** Mr. Bush's Application to Proceed Without Prepayment of Fees and Costs [**ECF 2**] and his Motion for Summary Judgment [**ECF 8**] without prejudice, **DISMISSES** the Petition for Writ of Habeas Corpus [**ECF 1**] without prejudice, and **ORDERS** this matter to be **TRANSFERRED** to the United States District Court for the Northern District of Ohio for further consideration in Case No. 3:23-cr-00571-JZ-1. This matter is **DISMISSED** from this Court's docket.

The Court directs the Clerk to transmit a copy of this Order to counsel of record and any unrepresented party.

ENTER: January 12, 2026

Frank W. Volk
Chief United States District Judge